IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. BIAGAS, SR.,                                          No. 2:13-cv-2656-CMK-P

        Plaintiff,

    vs.                                                                    ORDER

T. VIRGA, et al.,

        Defendants.

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1) and a motion for temporary restraining order (Doc.5). Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's claims are not clear. He names 32 individuals as defendants to this action, including various correctional officers, supervisors, and wardens. His statement as to his claim fails to allege any specific facts, but appears to allege violations ranging from Due Process, medical and legal malpractice, obstruction of justice, to a failure to protect.

## II.  DISCUSSION

Plaintiff's complaint suffers from several defects. First and foremost, plaintiff fails to set forth a short and plain statement of his claim as required by Rule 8 of the Federal Rules of Civil Procedure. To satisfy the requirements of Rule 8(a) claims must be stated simply, concisely, and directly. Here, plaintiff fails to allege any facts to support his claims. Plaintiff does not plead with sufficient clarity any of his possible claims.

In addition, if the court's reading the complaint is accurate, plaintiff is attempting to bring this action against several unrelated individuals on separate and unrelated claims. The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised on the same action. Fed. R. Civ. Proc. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As far as the court can determine, plaintiff's claims against the various defendants are unrelated. Thus, those unrelated claims against several different defendants, should be separated into different actions.

Plaintiff also fails to provide any connection or link for any of the defendants. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Furthermore, plaintiff names several supervisory personnel as defendants, apparently based on their position alone and not on any personal conduct. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position,

the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

As to the specific claims plaintiff mentions in his statement, the standards for those the court can decipher will be outlined for plaintiff's benefit. As discussed below, if plaintiff chooses to file an amended complaint, he will be required to set forth with more particularity what his claims are.

       1.     EIGHTH AMENDMENT (FORCE/SAFETY/MEDICAL):

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

1   When prison officials stand accused of using excessive force, the core judicial
2   inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or
3   maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);
4   Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as
5   opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,
6   is applied to excessive force claims because prison officials generally do not have time to reflect
7   on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475
8   U.S. at 320-21. In determining whether force was excessive, the court considers the following
9   factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
10  between the need for force and the amount of force used; (4) the nature of the threat reasonably
11  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
12  See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force
13  was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
14  1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally,
15  because the use of force relates to the prison's legitimate penological interest in maintaining
16  security and order, the court must be deferential to the conduct of prison officials. See Whitley,
17  475 U.S. at 321-22.

18  Similarly, prison officials have a duty to take reasonable steps to protect inmates
19  from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511
20  U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner
21  was incarcerated under conditions presenting a substantial risk of serious harm; and (2)
22  subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The
23  very obviousness of the risk may suffice to establish the knowledge element. See Wallis v.
24  Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if
25  evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844.
26  The knowledge element does not require that the plaintiff prove that prison officials know for a

certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

In addition, deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

        Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

        2.    DUE PROCESS

        The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

        In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the

deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Finally, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

### III. TEMPORARY RESTRAINING ORDER

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the

moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction;  (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

Here, plaintiff's request for a temporary restraining order fails at the outset as he fails to show that he is likely to succeed on the merits, and that he is likely to suffer any irreparable injury is likely.  As his complaint is being dismissed for failure to state a claim, there has been no showing that plaintiff is likely to succeed on the merits.  As discussed above, he fails to plead facts sufficient for the court to evaluate his claims. In his motion for a temporary restraining order, he requests the court order prison officials to stop harassing him.  There are no allegations of any actual injury related to the alleged harassment, nor is harassment a claim set forth in his complaint.

It is further unclear as to whom he is requesting the court to issue the order against.  The individuals he mentions in his motion, Beard, Foulk, and Weeks are not named defendants in his complaint.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Given plaintiff's conclusory claims, lack of factual support for either his complaint or his motion for temporary restraining order, and his failure to meet the standard required, plaintiff simply fails to meet his burden.  Accordingly, his requests for a temporary restraining order will be denied.

### IV.  CONCLUSION

Plaintiff's complaint, as currently written, fails to state a claim.  It is up to plaintiff to formulate and articulate his claim, not for the court or the defendants to try to decipher what claims plaintiff has.  Plaintiff need not agree with the claims set forth above, and may include in his complaint those he wishes to pursue.  However, he is cautioned, as discussed above, that the court will not allow this case to proceed on multiple unrelated claims against multiple unrelated defendants.

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.  In addition, plaintiff is cautioned that the pleading stage is not the time for submission of numerous exhibits and other alleged evidence.  His claims and factual allegations should be clearly alleged in his amended complaint, but he need not support his claims with documentary evidence at the pleading stage.  Therefore, plaintiff shall refrain from filing numerous exhibits and other documentary evidence with his complaint.  Such evidence will be permitted during the dispositive motion phase and/or at trial.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

1 | each named defendant is involved, and must set forth some affirmative link or connection
2 | between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
3 | 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  The complaint
4 | also must contain only claims which are related, either arising out of the same transaction or
5 | occurrence or against the same defendants.  See George v. Smith, 507 F.3d 605, 607 (7th Cir.
6 | 2007); Fed. R. Civ. Proc. 18(a).

       Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

       Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motion for a temporary restraining order (Doc. 5) is denied.

DATED:  May 29, 2014

                                      /s/ Craig M. Kellison
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE