IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT J. BIAGAS, SR., | No. 2:13-cv-2656-CMK-P |
|     Plaintiff, | |
|   vs. | <u>ORDER</u> |
| T. VIRGA, et al., | |
|     Defendants. | |
|                           / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint, and several motions plaintiff has filed for production and inspection of documents (Docs. 21, 26, 27), and temporary restraining order (Doc. 20). Plaintiff's amended complaint is addressed herein. Plaintiff's other motions will be addressed by separate order if his amended complaint survives screening. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

      As the court previously explained, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims remain unclear in his amended complaint. It does not appear that he has limited the number of defendants to those related by the same claims, as he continues to name various correctional officers, supervisors, and wardens as defendants to this action. As with his original complaint, the amended complaint still fails to allege any specific facts, but appears to allege various violations ranging from Due Process, medical treatment, obstruction of justice, to failure to protect and inappropriate behavior by the correctional staff.

## II. DISCUSSION

Plaintiff's amended complaint suffers from the same defects as his original complaint. Specifically, plaintiff fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure to state his claim simply, concisely, and directly. He continues to offer vague allegations without alleging any factual support for claims. Plaintiff does not plead with sufficient clarity any of his possible claims.

///

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff was provided specific direction on what was required to state a claim as to each of the possible claims the court could decipher from his original complaint.  However, he has failed to follow the court's direction and cure the defects in his complaint by either limiting the claims to those related, or by alleging sufficient factual allegations as to each named defendant.  It therefore appears that plaintiff is either unable or unwilling to allege sufficient facts to state a claim, and further leave to amend is unlikely to help.

### III.  CONCLUSION

Because it does not appear possible that plaintiff can cure the deficiencies identified by the court by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: November 2, 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE