IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT J. BIAGAS, SR., | No. 2:13-cv-2656-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for an extension of time (Doc. 29) to file a response to the order to show cause issued November 3, 2015. Good cause appearing therefor, the request will be granted.  Plaintiff may file a response within 30 days of the date of this order.

Plaintiff also seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claim.  While the court finds his claims to be too vague and diverse as currently plead in his complaint, it appears the deficiencies are not due to his inability to articulate his claim, but rather stem from the lack of facts set forth in the complaint and his refusal to limit the defendants raised to those related claims.  His claims appear to range from Due Process, to the medical treatment he is receiving in prison, to failure to protect, all of which are areas of the law that are fairly well-settled and not overly complex, at least as related to the facts as alleged in this case.  At this early stage of the proceedings, especially given the order to show cause plaintiff is required to respond to, the court cannot say that plaintiff is likely to prevail in the lawsuit.  In addition, the only grounds raised in plaintiff's motion as the basis for appointing counsel stem from his assertion that the evidence at issue involves confidential information.  If plaintiff can show sufficient cause why this action should not be dismissed, and is provided an opportunity to file an amended complaint which survives screening, he will be able to renew his request for appointment of counsel wherein he will be given the opportunity to demonstrate the need for any confidential information.  However, until such time, the undersigned does not find the required circumstances for appointment of counsel at this stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional time to respond to the order to show cause (Doc. 29) is granted;

///

    2.  Plaintiff shall respond to the order to show cause within 30 days of the date of this order; and

    3.  Plaintiff's request for the appointment of counsel (Doc. 30) is denied.

DATED: January 6, 2016

                 _____
                 **CRAIG M. KELLISON**
                 UNITED STATES MAGISTRATE JUDGE