IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. BIAGAS, SR.,    No. 2:13-cv-2656-CMK-P

    Plaintiff,

  vs.    ORDER

T. VIRGA, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion for an extension of time (Doc. 32) to file a response to the order to show cause issued November 3, 2015. Plaintiff has also filed several motions to compel and request for production of documents (Doc. 26, 27, 33) as well as motion for a temporary restraining order (Doc. 20).

      First, plaintiff indicates he is having difficulties in obtaining access to the law library, which he feels he needs in order to respond to the order to show cause. The defects identified by the court are more factual based than law based, but to the extent plaintiff thinks he needs to do some research prior to responding, the court will allow an extension of time. Good cause appearing therefor, the request for additional time will be granted. Plaintiff shall file a

response to the order to show cause why this action should not be dismissed within 30 days of the date of this order.

As to plaintiff's request for documents and/or motions to compel, plaintiff's motions are premature. At this point in this action there are no defendants who have appeared. Plaintiff has not filed a complaint that states a claim, so service on the named defendants has not been authorized or accomplished. A request for production of documents under Federal Rule of Civil Procedure 34 is properly served on a defendant once the defendant has appeared in the action. Until such appearance, no defendant is bound to respond to a Rule 34 document request. Similarly, a motion to compel under Rule 37 is authorized only once a defendant has failed to properly respond to a discovery request. However, as a defendant is only required to respond to discovery requests after they have appeared in an action, no response was required and therefore no grounds exist to grant a motion to compel. As the court previously indicated, if plaintiff is able to surviving screening, he will have an opportunity to conduct discovery and if necessary file motions to compel if the defendants fail to properly respond.

Finally, plaintiff has requested the court issue a temporary restraining order. The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Here, plaintiff fails to make the proper showing that a temporary restraining order should issue. As the court has found plaintiff's complaint insufficient to state a claim, and that dismissal of the action is appropriate, plaintiff cannot show at this time that he is likely to succeed on the merits. In addition, as plaintiff has not alleged sufficient facts, he has similarly not shown that he is likely to suffer irreparable harm or that the balance of hardship tips in his favor. Finally, it is unclear exactly what plaintiff needs to be protected from. He states in his motion that he overheard correctional officers talking about committing some unknown crime, that he is being held in administrative segregation without a property log, the possibility that he had some property lost or damaged, and that his mail is not being processed. None of that meets the requirement that plaintiff show irreparable injury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional time to respond to the order to show cause (Doc. 32) is granted;

2. Plaintiff shall respond to the order to show cause why this action should not be dismissed within 30 days of the date of this order;

3. Plaintiff's motions to compel and request for production of documents (Doc. 26, 27, 33) are denied; and

4. Plaintiff's motion for a temporary restraining order (Doc. 20) is denied.

DATED: February 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE