1

2

3

4

5

6

7

8     **IN THE UNITED STATES DISTRICT COURT**

9     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    VINCENT J. BIAGAS, SR.,                              No. 2:13-cv-2656-CMK-P

12              Plaintiff,

13       vs.                                              <u>ORDER</u>

14    T. VIRGA, et al.,

15              Defendants.

16    _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28

19    U.S.C. § 636(c) and no other party has been served or appeared in the action.   This action was

20    dismissed, and judgment entered, on March 24, 2016.   Pending before the court are plaintiff's

21    motion for reconsideration (Doc. 40), and two motions to amend the complaint (Docs. 41, 42).

22            The court may grant reconsideration of a final judgment under Federal Rules of

23    Civil Procedure 59(e) and 60.   Generally, a motion for reconsideration of a final judgment is

24    appropriately brought under Federal Rule of Civil Procedure 59(e).   <u>See</u> <u>Backlund v. Barnhart</u>,

25    778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); <u>see also</u>

26    <u>Schroeder v. McDonald</u>, 55 F.3d 454, 458-59 (9th Cir. 1995).   The motion must be filed no later

1

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule

59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2)

the availability of new evidence; or (3) the need to correct clear error or prevent manifest

injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.

1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015

(1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord

School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any

order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion

and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and

docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any

order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence which, with reasonable diligence, could not have been discovered

within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

opposing party.  A motion for reconsideration on any of these grounds must be brought within a

reasonable time and no later than one year of entry of judgment or the order being challenged.

See Fed. R. Civ. P. 60(c)(1).

Here, plaintiff provides no grounds for which the court to grant his motion for

[1]     Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2]     If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

reconsideration.  Plaintiff only argues he will be able to support his claims once discovery is completed, and that dismissal of his case was unfair. He make some argument as to the mailbox rule and being unfairly subject to the three strikes provision.  However, plaintiff's was not denied the mailbox rule as no filing was deemed untimely, and was not barred from filing this case pursuant to the three strikes provision.  As such, the undersigned finds no merit to his arguments. Plaintiff does not argue there was an intervening change of the law, new evidence, or clear error under Rule 59(e).  Similarly he fails to contend any mistake, newly discovered evidence, or misconduct under Rule 60(b).  Nor does he point to any clerical mistake to be corrected under Rule 60(a).  To the extent he claims dismissal of this action was clear error or resulted in manifest injustice, such an argument is not clear and is not persuasive.  Plaintiff points to no error; he simply disagrees with this court's decision.  Plaintiff was provided the opportunity to correct the defects in his complaint, and was provided guidance on what was required to do so. He was unable or unwilling to follow the court's instructions, and his amended complaint contained many of the same defects as his original complaint.  Plaintiff was given an additional opportunity to show cause why his case should not be dismissed, and was again unable to present to the court an acceptable response.

The court finds no grounds on which to grant the motion for reconsideration.  As this case was dismissed and judgment entered, his motions to amend his complaint are moot.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration (Doc. 40) is denied; and

2.      Plaintiff's motions to amend (Docs. 41, 42) are denied as moot.

DATED:  March 27, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3