IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. BIAGAS, SR.,　　　　　　　No. 2:13-CV-2656-KJM-CMK

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

T. VIRGA, et al.,

　　　　Defendants.

　　　　／

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 18).

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims remain unclear in his amended complaint.  It does not appear that he has limited the number of defendants to those related by the same claims, as he continues to name various correctional officers, supervisors, and wardens as defendants to this action.  As with his original complaint, the amended complaint still fails to allege any specific facts, but appears to allege various violations ranging from Due Process, medical treatment, obstruction of justice, to failure to protect and inappropriate behavior by the correctional staff.

## II. DISCUSSION

Plaintiff's amended complaint suffers from the same defects as his original complaint.  Specifically, plaintiff fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure to state his claim simply, concisely, and directly.  He continues to offer vague allegations without alleging any factual support for claims.  Plaintiff does not plead with sufficient clarity any of his possible claims.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d

646, 649 (9th Cir. 1984). Plaintiff was provided specific direction on what was required to state a claim as to each of the possible claims the court could decipher from his original complaint. However, he has failed to follow the court's direction and cure the defects in his complaint by either limiting the claims to those related, or by alleging sufficient factual allegations as to each named defendant. It therefore appears that plaintiff is either unable or unwilling to allege sufficient facts to state a claim, and further leave to amend is unlikely to help.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE